JOSEPH REICHMANN (SBN 29324)
REX JULIAN BEABER (SBN 138566)
YAGMAN & REICHMANN
723 Ocean Front Walk
Venice Beach, California 90291-3212
(310)452-3200

Presented on behalf of Plaintiff Benjamin R. Schwarz

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **BENJAMIN R. SCHWARZ**, in his individual and class representative capacities,<br><br>Plaintiff,<br><br>v.<br><br>**ERWIN MEINBERG, BRENDA BURCH, ROBERT E. McFADDEN, SUSAN G. McCLINTOCK, KATHLEEN M. KENNEY, HARLEY G. LAPPIN, Jr., CHARLES E. SAMUELS, THOMAS R. KANE, WILLIAM F. DALIUS, Jr., JUAN D. CASTILLO, LINDA THOMAS, TAMMY JONES**, and **UNKNOWN NAMED DEFNDANTS 1-10**,<br><br>Defendants. | No. CV-13-00356-BRO(PLAx)<br><br>**FIRST AMENDED COMPLAINT**<br>(07/16/2016)<br><br><br>**JURY DEMAND** |

Plaintiff makes the following allegations.

## JURISDICTION AND VENUE

1. Plaintiff and defendants were citizens and residents of different states, respectively, when this action was filed, Benjamin R. Schwarz ("Schwarz"), of a foreign country, Canada, and defendants, each and all, are citizens of American

1

states, and therefore this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this court also has jurisdiction pursuant to 28 U.S.C. § 1331 of the federal claims.  Defendants systematically do business in California and all of the claims arose in California, and in the United States District Court for the Central District of California, and defendants engaged in case-specific conduct in California, as set forth hereinbelow, on which all of the claims made against them are based.

      2.  This Court has subject matter jurisdiction based on the following: 5 U.S.C. §§ 555(b), 702, and 706(1) (the Administrative Procedures Act, "APA"), because there is subject matter jurisdiction for "[a]n action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States or that the United States is an indispensable party[]" and federal courts "shall . . . compel agency action unlawfully withheld or unreasonably delayed . . . ."

      3.  This Court has subject matter jurisdiction based on the following: 28 U.S.C. § 1361 (the Mandamus Act), because there is "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff."

      4.  This Court has subject matter jurisdiction based on the following: 28 U.S.C. § 1651 (the All Writs Act), because "all courts established by Act of Congress may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law . . . .

      5.  This Court has subject matter jurisdiction based on the following: 28 U.S.C. § 1346(2) (the "Little" Tucker Act), because the United States district courts have subject matter jurisdiction of "[a]ny other [non-internal revenue, tax

matter] civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or for liquidated or unliquidated damages in cases not sounding in tort[,]" and all claims exceeding $10,000 are waived insofar as jurisdiction is based on LTA.

6. Plaintiff Schwarz is a citizen and resident only of Canada and because defendants do business in California and all of the matters that are the basis for this action occurred in Los Angeles County, therefore, venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

7-9. Reserved.

## THE PARTIES

10. Plaintiff Schwarz was incarcerated in the Los Angeles Metropolitan Detention Center ("MDC") beginning on August 11, 2009.

11. Plaintiff was released from BOP custody in December 12, 2012.

12. Defendants are: Erwin Meinberg, who was the Acting Warden at the Los Angeles Metropolitan Detention Center ("MDC") before August 11, 2009 and until November 8, 2010; Brenda Burch, who was a counselor at MDC between July 2, 2010 and November 8, 2010; Robert G. McFadden, who was BOP Western Region Director between July 2, 2010 and November 8, 2010; Susan G. McClintock, who was Acting Warden at MDC on August 17, 2010; Kathleen M. Kenney, who has been BOP General Counsel since June 2004; Harley G. Lappin, Jr., who was BOP Director from 2003 until 2011; Charles E. Samuels, who has been BOP Director since 2011; Thomas R. Kane, who is BOP Deputy Director; William F. Dalius, Jr., who is BOP Assistant Director of the Administrative Division, who is responsible for facility management; Juan D. Castillo, who is BOP Western Region Director, and who may have participated in the actions

hereinbelow alleged to have been engaged in by McFadden; Linda Thomas, who is MDC Warden; Tammy Jones, who is MDC Associate Warden for Facilities, and who is responsible for the physical plant and its operation; and Unknown Named Defendants 1-10 are other individuals who may have participated in wrongful acts and/or omissions, but whose true names are not presently known.

12-108. Reserved.

## ALLEGATIONS COMMON TO EACH COUNT

109. Each and every allegation of each and every averment of this complaint is incorporated herein by this reference in each and every other allegation of this complaint.

110. All acts and/or omissions perpetrated by each defendant were engaged in fraudulently, coercively, maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, and with evil motive and/or intent, in disregard of the rights of each plaintiff.

112. With respect to the BOP administrative remedy, or grievance, process,

  a. a first level request for an administrative remedy, or grievance, is required to be submitted to a prisoner's counselor, on a form "BP 229;"

  b. a form BP 229 is not openly available and must be obtained from a counselor;

  c. a second level request for an administrative remedy is required to be submitted to the facility warden on a form "BP 9;"

  d. a form "BP 9" is not openly available and must be obtained from a counselor;

  e. a third level request for an administrative remedy is required to be submitted to the BOP region on a form "BP 10;"

  f. a form "BP 10" is not openly available and must be obtained from a counselor;

4

g.  a fourth level request for an administrative remedy is required to be submitted to the BOP Office of General Counsel, in Washington, D.C., on a form "BP 11;"

h.  a form "BP 11" is not openly available and must be obtained from a counselor;

i.  a second level (warden) request will not be processed and will be rejected unless a response to a first level (counselor) request is attached to it;

j.  a third level (region) request will not be processed and will be rejected unless both the response to the first level (counselor) and second level (warden) requests are attached to it;

k.  a fourth level request (office of general counsel) will not be processed and will be rejected unless the first level (counselor) response, the second level (warden) response, and the third level (region) response are attached to it;

l.  an institution administrative remedy coordinator is required promptly to provide to a prisoner a printed receipt for a level two request;

m.  a region administrative remedy coordinator is required promptly to provide a prisoner with a printed receipt for a level three request;

n.  an office of general counsel administrative remedy coordinator is required promptly to provide a prisoner with a printed receipt for a level four request; and,

o.  there are regulatory-governed times by which each level administrative adjudication is required to be completed and provided to prisoner-grievants.

All of this resulted in a denial of due process because, as this Court (Judge Margaret M. Morrow), previously held in *Schwarz v. Meinberg*, ED CV 10-1320-MMM(FMO),

> "[e]xhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings

5

themselves are void." *United Farm Workers v. Ariz. Employment Relations Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982).

FN1. Petitioner does not allege that the administrative remedies are Inadequate, inefficacious or that the administrative proceedings are void. [Citation omitted.]

. . .

FN2. A failure by the BOP at any level to respond timely is considered a denial at that level. 28 C.F.R. § 542.18.

. . .

To the extent petitioner contends that exhaustion would be futile because he failed to receive a response at the informal resolution state [citation omitted], his argument is unpersuasive. If petitioner did not receive a response to his informal resolution request, he should have proceeded to the next level and file a Request for Administrative Remedy with the Warden. *See* 28 C.F.R. § 542.14 [citation omitted]. [*S*]*ee also id.* at § 542.18 (BOP's failure to respond timely is considered a denial at that level). In sum, the Court is persuaded that administrative remedies for petitioner are Not "futile [or that] pursuit of them would irreparably injure [him]." *United Farm Workers*, 669 F.2d at 1253.

*Schwarz v. Meinberg,* 2010 WL 4672143 *1 & 2 (C.D. Cal. 2010) (*Schwarz I*). The due process violation consists, *inter alia,* of Schwarz not being able to avail himself of C.F.R. § 542.18's and being prevented by defendants from availing himself of § 542.18's ability to construe a failure timely to respond as a denial and to go to the next level of grievance, because whenever Schwarz got no timely response to a grievance and then, as this Court said he could, went to the next level, at that next level, his grievance was rejected because he had not attached to it the result at the prior level(s). This Court's assumption that the BOP

actually abided by and followed the provisions of § 542 was incorrect, because the BOP does not follow the requirements of § 542.[1]

---

[1] The Court advised Schwarz that "[i]f, after exhausting his administrative remedies, [he] still contends that he is 'in custody in violation of the Constitution or laws or treaties of the United States, . . . he can file a new petition for writ of habeas corpus." *Schwarz,* 2010 WL 4572134 at * 2 n. 3.

When Schwarz took up the Court's advice and filed a second habeas petition, *Schwarz v. Meinberg*, ED CV 10-1728-MMM(FMO), then this Court said that "the Court does not need to determine whether petitioner properly exhausted his federal administrative remedies with respect to the two claims raised in the instant Petition because, even assuming petitioner had exhausted his administrative remedies, the Petition fails to state cognizable habeas claims[,]" *Schwarz v. Meinberg*, 2011 WL 2470122 * 1 (C.D. Cal. 2011), holding that Schwarz could not legally pursue those claims in a habeas petition and, as the Ninth Circuit construed that order, Schwarz instead was required to pursue them in a *Bivens* action. Schwarz appealed.

In *Schwarz v. Meinberg*, 478 Fed.Appx. 394, 395 (9th Cir. 2012), the Court switched the grounds based on which this Court dismissed, did not rule on the issue of whether or not Schwarz' claims must have been pursued in a *Bivens* action, and instead held that Schwarz had not exhausted administrative remedies:

> We need not resolve whether the district court properly dismissed the petition without prejudice on the basis that the claims should have been brought in an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In either case, Schwarz was required to exhaust his administrative remedies before proceeding with his claims in federal court. *See Terrell v. Brewer,* 935 F.2d 1015, 1019 (9th Cir.1991) ( *Bivens* action); *Martinez v. Roberts,* 804 F.2d 570, 571 (9th Cir.1986) (per curiam) (§ 2241 petition). Schwarz has not exhausted his administrative remedies with respect to his camp designation claim because he failed to complete his final administrative appeal to the General Counsel, *see* 28 C.F.R. § 542.15(a), and has not exhausted his remedies for his toilet conditions claim because he failed to proceed beyond the informal staff resolution stage, *see id.* § 542.13(a). We therefore affirm the district court's dismissal of Schwarz's petition without prejudice. *See Manta v. Chertoff,* 518 F.3d 1134, 1146 (9th Cir.2008) (appellate court may affirm on any ground supported by the record).

7

113. Schwarz submitted administrative grievances as follows:

**Camp Designation**

>July 20, 2010:  filed BP 229 with Burch, and got no response at all

>August 2, 2010  filed BP 9 with Meinberg and did not receive a timely response

>August 17, 2010  McClintock issued response, but not provided to Schwarz

>August 23, 2010  filed BP 10 to McFadden with no attached responses to 229 and 9

>August 25, 2010  filed second BP 10 to McFadden with BP 9 response attached

>Sept. 9, 2010  received denial of Aug. 23 BP 10, based on failure to attach copy of BP 9 response, which was not had

>Sept. 17, 2010  BP 10 rejected

>Sept. 17, 2010  filed BP 11 to Keeney with copy of Sept. 17, BP 9 & 10 rejections

>Never received any response to BP 11

>Nov. 21, 2012  received receipt for level two (warden), BP 9

>Nov. 21, 2012  received receipt for level three (region) BP 10

**Toilets**

>July 29, 2010  filed BP 229 with Burch, and got no response

Now, Schwarz does not need to exhaust any administrative remedies because he is not in BOP custody and the issue of whether he may pursue his claims by a habeas petition or must pursue them in a *Bivens* action is not in issue in this *Bivens* action.

8

>August 5, 2010    filed BP 9 to Meinberg and got no response

>August 26, 2010  filed BP 10 to McFadden

>Sept. 17, 2010   BP 10 denied by McFadden

>Sept. 17, 2010   filed BP 11 to Keeney, got no response

>Dec. 19, 2012    released from BOP custody

>Dec. 19, 2012    never received any level 11 responses to either grievance from Keeney

114. There are pervasive and national practices and customs throughout the BOP of adjudicators at all levels of grievances below level 11:

(a) not providing timely receipts for grievances filed to prisoners who filed them;

(a) not responding at all to grievances,

(b) not timely responding to grievances,

(c) not providing dispositions of grievances to grievants,

(d) adjudicators of grievances at levels 9 (wardens), 10 (regions), and 11 (office of general counsel) rejecting appeals of lower level grievances when grievants do not attach the adjudications at lower levels, and

(e) basing those rejections on not making such attachments of lower level dispositions.

115. The practices and customs described hereinabove are a cause in fact and a legal cause that operate to thwart and prevent prisoners who filed grievances from successfully completing the grievance process, or delaying the process, and thereby complying with both the Prison Litigation Reform Act ("PLRA") and/or the judicially-imposed requirement that prisoners exhaust administrative remedies before filing federal actions, and these practices and customs significantly deprive BOP prisoners nationwide of their rights to due process of law, both procedurally and substantively.

## COUNT 1

(Violation of constitutional right, Schwarz against Burch, Meinberg, McClintock, McFadden, Keeney, and Lappin, for damages and declaratory relief only, in their individual capacities only, and Samuels, Kane, Castillo, Thomas, and Jones, for declaratory and injunctive relief only)

116. By intentionally failing timely to adjudicate and return to Schwarz his administrative grievances the defendants named in this Count thereby obstructed and deprived Schwarz of due process of law, under the Fifth Amendment to the United States Constitution, and this entitles Schwarz and members of this class to damages and injunctive relief.

## COUNT 2

(Conspiracy, Schwarz against Burch, Meinberg, McClintock, McFadden, Keeney, and Lappin, for damages and declaratory relief only, in their individual capacities only, and Samuels, Kane, Castillo, Thomas, and Jones, for declaratory and injunctive relief only)

117. Defendants named in the immediately-preceding Count agreed and/or understood that they all would do, or fail to do, the things set forth hereinabove in the immediately-preceding Count, and in that conspired to harm Schwarz by violating his constitutional rights, and entitles Schwarz and members of this class to damages and injunctive relief.

//
//
//
//
//

## COUNT 3

(Violation of constitutional right, Schwarz against Burch, Meinberg, McClintock, McFadden, Keeney, and Lappin, for damages and declaratory relief only, in their individual capacities only, and Samuels, Kane, Dalius, Castillo, Thomas, and Jones, for declaratory and injunctive relief only)

118. By intentionally forcing Schwarz to spend at least 12 hours a day in a cell that was inhumanely unsanitary, by virtue of an improperly-functioning toilet, the defendants named in this Count thereby violated Schwarz' right not to be subjected to cruel and unusual punishment, under the Eighth Amendment to the United States Constitution, and entitles Schwarz to and members of this class to damages and injunctive relief.

### COUNT 4

(Conspiracy, Schwarz against defendants Burch, Meinberg, McClintock, McFadden, Keeney, and Lappin, for damages and declaratory relief only, in their individual capacities only, and Samuels, Kane, Castillo, Dalius, Thomas, and Jones, for declaratory and injunctive relief only)

119. Defendants named in the immediately-preceding Count agreed and/or understood that they all would do, or fail to do, the things set forth hereinabove in the immediately-preceding Count, and in that conspired to harm Schwarz by violating his constitutional rights, and entitles Schwarz to and members of this class to damages and injunctive relief.

### COUNT 5

(Violation of constitutional rights, Schwarz against defendants Lappin, Keeney, Meinberg, McClintock, in their individual capacities only, for damages only, and defendants Samuels, Kane, Keeney, and Thomas, in their official capacities )

120. By intentionally refusing to consider Schwarz for placement in a BOP camp facility, based solely on his nationality as a Canadian, the defendants individually named in this Count unconstitutionally discriminated against Schwarz

based on his nationality and also violated his right to due process of law, and the defendants named in their official capacities continue to discriminate against all non-American BOP prisoners and all class members who are similarly-situated, and this entitles Schwarz to damages and Schwarz and members of this class to and members of this class to damages and injunctive relief.

## COUNT 6

(Conspiracy, Schwarz against defendants Lappin, Keeney, Meinberg, McClintock, in their individual capacities only, for damages only, and defendants Samuels, Kane, Keeney, and Thomas, in their official capacities)

121.  Defendants named in their individual capacities only in the immediately-preceding Count agreed and/or understood that they all would do, or fail to do, the things set forth hereinabove in the immediately-preceding Count, and in that conspired to harm Schwarz by violating his constitutional rights, and defendants who are named in their official capacities continue to so conspire, this entitles Schwarz and members of this class to damages and injunctive relief.

## CLASS ACTION ALLEGATIONS

122. Plaintiff Schwarz is a member of and represents classes, as follows:

Class 2, all BOP Los Angeles MDC prisoners who, because they were subjected to the wrongful conduct of BOP officials and employees who forced them to reside in a prison cell whose toilet violated their right to be free from cruel and unusual punishment because it was unsanitary, damages, declaratory, and injunctive relief;

123. Plaintiff Schwarz is a member of and the only representative of:

Class 3, all BOP prisoners, because  he was subjected to a denial of the opportunity to be placed in a BOP camp based solely on the fact that he is a foreigner, and this class seeks damages, declaratory, and injunctive relief.

124. Each class contains over 100 members, and each class is so numerous so that joinder of all members would be impracticable, and also, because only defendants know the names of all of the members of classes, and defendants and are the only persons who have information sufficient to identify all the members of classes, it is impracticable to join all the members of the class in this action.

125. As to each of the three classes, there are only common questions of fact and law with respect to that class and all of its members.

126. As to each of the four classes, the claim made by the representative parties, a plaintiff or plaintiffs, is typical and is the same as the claims of each of the four classes' class members.

127. The representative of each of the three classes, plaintiff, fairly will represent and adequately protect the interests of all class members, and will do so both vigorously and zealously.

128. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to class members, which would establish incompatible standards for parties opposing the class, and defendants have acted and will continue to act on grounds generally applicable to every class member, and the class questions not only predominate but are the only questions that exist.

129. Therefore, this action is maintainable under Fed. R. Civ. P. Rule 23(a), & (b)(1)(A),(B)(1),(2), and (3).

130. Presently, it is not possible accurately to measure the size of each of the three the classes, but plaintiff estimates that each class had more than 1,000 members, as evidenced by the BOP Inmate Population exhibit and other exhibits and declarations previously submitted to the court, in support of plaintiff's class certification motion, and whose contents are incorporated herein by this reference.

131. The nature of the notices to be provided to each of the three classes' class members should be as follows: defendants should be required to identify and to provide a suitable notice to all class members, so that their prisoners and former prisoners will have notice that there is a class to which they may belong and providing them an opportunity to opt-out of any of the classes.

## OTHER CLAIMS FOR RELIEF

## DECLARATORY RELIEF

132. Declaratory relief, pursuant to 28 U.S.C. §2201, is sought against all defendants to declare unconstitutional and/or illegal the alleged wrongful conduct described in each Count.

## INJUNCTIVE RELIEF

133. Injunctive relief under 28 U.S.C. § 1361 is sought against defendants Samuels, Kane, Dalius, Keeney, Castillo, Thomas, and Jones, as the case may be, to declare unconstitutional and/or illegal the alleged wrongful conduct described in each Count and to prohibit the recurrence of such conduct.

## INJUNCTIVE RELIEF

134. Injunctive relief under 28 U.S.C. § 1651 is sought against defendants Samuels, Kane, Dalius, Keeney, Castillo, Thomas, and Jones, as the case may be, to declare unconstitutional and/or illegal the alleged wrongful conduct described in each Count and to prohibit the recurrence of such conduct.

## APA RELIEF

135. Relief under the Administrative Procedures Act is sought is sought against all defendants, to declare unconstitutional and/or illegal the alleged wrongful conduct described in each Count and to prohibit the recurrence of such conduct.

//

//

## "LITTLE" TUCKER ACT RELIEF

136. Relief under the "Little" Tucker Act is sought not exceeding $10,000 for each plaintiff and each class member, is sought against all defendants to declare unconstitutional and/or illegal the alleged wrongful conduct described in each of those Counts and to prohibit the recurrence of such conduct.

**WHEREFORE**, plaintiff requests relief against defendants, and each of them, as follows:

1. General damages of more than $75,000.00, exclusive of interest and costs on all claims, except that any "Little Tucker Act relief is limited to $10,000.00;

2. Punitive damages of $1,000,000.00 against defendants in their individual capacities only, except that Tucker Act relief is limited to $10,000.00;

3. APA relief, as set forth;

4. Declaratory relief as set forth;

5. A TRO and preliminary and permanent injunctions, as set forth;

6. Costs of suit;

7. Attorneys' fees;

8. Expenses;

9. Interest; and

10. Such other relief as is just and proper.

//
//
//
//
//
//
//

**JURY DEMAND**_____

Plaintiff Schwarz demands trial by jury of all issues.

Respectfully submitted,

**YAGMAN & REICHMANN**

By: _____/s/   Joseph Reichmann_____
**JOSEPH REICHMANN**
Attorney for Plaintiff, Benjamin R. Schwarz